**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| YOLANDA AMUNUTIGUI, et al., <br><br> Plaintiffs, <br> vs. <br><br> THE COTTLE FIRM, et al., <br><br> Defendants. | Case No. 2:22-cv-00361-GMN-VCF <br><br> **Report and Recommendation to Remand** <br><br> **And** <br><br> **Order** <br><br> APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1); REMOVED COMPLAINT (ECF NO. 1-2); MOTION TO ADD PARTY (ECF NO. 3) |

Pro se parties Yoland Amunutigui and Wilson Bequero are defendants in Nevada state court in *The Cottle Firm v. Amunutigui*, A-21-845264-C, Department 2. See ECF No. 1-2. Although they did not file a notice of removal, they filed an IFP application and attached the complaint from state court as their "proposed complaint." See ECF Nos. 1 and 1-2. Amunutigui and Bequero also filed a motion to add party. ECF No. 3.

I have reviewed the complaint and I sua sponte determine that removal is improper. I recommend that this action be remanded. I deny the application to proceed in forma pauperis and the motion to add party as moot. ECF Nos. 1 and 3.

## DISCUSSION

Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1455(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Complete diversity requires no plaintiff have the same citizenship as any defendant. See *id.*

Although the parties did not file a petition for removal, I reviewed the state court complaint to see if the parties can show that this court has jurisdiction under the liberal pleading standard. The state court action alleges that Yolanda Amunutigui and Wilson Bequero are residents of Clark County. ECF No. 1-2 at 2. Amunutigui lists a Las Vegas address as her home address on this docket and Bequero lists a PO Box in New Jersey as his address. The Cottle Firm parties allege in the complaint that Amunutigui is a former disgruntled client and Bequero is her adult son: the Cottle Firm parties bring claims against them for trespassing and for a restraining order due to threats Amunutigui and Bequero have made against the firm and staff at the firm. ECF No. 1-2 at 2-10.

There are no federal claims so federal question jurisdiction does not exist. Complete diversity also does not exist since Amunutigui admits she lives in Las Vegas and the Cottle Firm parties are in Las Vegas. Bequero's attempt to create diversity jurisdiction by listing a New Jersey PO Box as his address does not create complete diversity. The Cottle Firm seeks a restraining order and monetary damages related to trespassing.  Even under the liberal pleading standard, Amunutigui and Bequero have failed to establish a basis for removal. Based on the urgency of the restraining order request in state court due to Amunutigui and Bequero's threats, and the frivolous nature of their attempt to remove the restraining order proceedings to this Court, I recommend that this case be remanded. I deny plaintiffs' application to proceed informa pauperis and motion to add party as moot.

ACCORDINGLY,

I RECOMMEND that that this action be REMANDED.

I ORDER that Amunutigui and Bequero's application to proceed in forma pauperis (ECF No. 1) and motion to add party (ECF No. 3) both be DENIED AS MOOT.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

       IT IS SO RECOMMENDED and ORDERED.

       DATED this 7th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE