# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| YOLANDA AMUNUTIGUI, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-00361-GMN-ECF |
| vs. | ) | |
| | ) | **ORDER** |
| THE COTTLE FIRM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiffs Yolanda Amunutigui, *et al.*, ("Plaintiffs'") Objection, (ECF No. 5), to the Magistrate Judge's Report and Recommendation, (ECF No. 4), recommending that the Court remand this case.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and **ADOPTS in full** the Magistrate Judge's Report and Recommendation.

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443,

446 (C.D. Cal. 2007).  The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

The Court agrees with the Magistrate Judge's recommendation to remand the case.  As he writes, the state court complaint does not allege a federal claim, and the parties are not completely diverse. (R&R 3:1–4); (*see also* Compl. ¶¶ 1–5, 53–66, Ex. 2 to Mot./Appl. Leave Proceed in forma pauperis, ECF No. 1-2).  In their Objection, Plaintiff Bequero raises the Treaty of Guadalupe Hildago, takes issue with the term "disgruntled client" who made "threats" against the law firm, and describes a Ponzi/Pyramid scheme involving doctors and lawyers.[1] (*See* Obj. 2:1–3:5, ECF No. 5).  However, this does not demonstrate that the Magistrate Judge clearly erred in its recommendation, nor does it cure the deficiencies set forth by the R&R.  Thus, the Court adopts the R&R and remands the case to state court.

///
///
///
///
///
///
///
///
///

---

[1] Plaintiff Bequero also requests that the Magistrate Judge be recused for bias. (*See* Obj. 1:19–23).  However, the Court finds Magistrate Judge Cam Ferenbach was merely summarizing the claims made in the state court complaint; he was not asserting a personal opinion about those claims. (*See* R&R 2:21–24) ("The Cottle Firm parties allege in the complaint that Amunutigui is a former disgruntled client and Bequero is her adult son: the Cottle Firm parties bring claims against them for trespassing and for a restraining order due to threats Amunutigui and Bequero have made against the firm and staff at the firm. ECF No. 1-2 at 2-10." (*See generally* Compl., Ex. 2 to Mot./Appl. Leave Proceed in forma pauperis).  Therefore, the Request for Recusal is denied.

I.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Objection, (ECF No. 5), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 4), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that this case be **REMANDED**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __18__ day of April, 2022.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT